
FILED
SUPERIOR COURT
OF GUAM

2014 SEP -2 AH 11: 56
CLERK OF COURT
BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>v.<br><br>ROLAND CLARK NGIRACHELSAU,<br><br>Defendant. | CRIMINAL CASE NO. CM732-10<br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on June 30, 2014 on Defendant's Motion to Reconsider. Attorney Ali N. Nusbaum appeared on behalf of the Defendant, who was present. Assistant Attorney General Christopher Odoca appeared on behalf of the Government. Both counsels submitted on the briefs. Having reviewed the pleadings, the arguments therein, and the record, the Court now issues the following Decision and Order.

## BACKGROUND

Roland Clark Ngirachelsau ("Defendant") was arrested for DUI on September 5, 2009 and taken into Guam Police Department ("GPD") custody. GPD released Defendant from custody and issued a Citation and Notice to Appear ordering him to appear in court on September 1, 2010 ("NTA hearing"). The Government filed a Complaint against Defendant on August 31, 2010 charging him with the following offenses: (1) Driving under the influence of alcohol (As a Misdemeanor); (2) Driving under the influence of alcohol (B.A.C.) (As a Misdemeanor); and (3) Reckless Driving (As a Petty Misdemeanor). Defendant did not appear

on September 1, 2010, and Presiding Judge Alberto C. Lamorena III subsequently issued a bench warrant for Defendant's arrest. The Court's file indicates that Defendant was not served with the warrant until April 2, 2012, roughly nineteen months later. There is no information on file regarding the marshal's efforts to execute the warrant before April 2, 2012. Defendant was ordered to return to court for arraignment on April 4, 2012. Defendant appeared on that date and the Public Defenders Services Corporation ("PDSC") was appointed as counsel and given time to confer with Defendant. Defendant was finally arraigned on April 11, 2012, roughly 589 days from the filing of the complaint.

On May 3, 2012, Defendant filed a Motion to Dismiss the Complaint based on the decision in *People v. Rasauo*, 2011 Guam 14, where the Guam Supreme Court held that "[u]nless good cause is shown, a complaint shall be dismissed where a defendant is not promptly arraigned within 60 days of the filing of the complaint." *People v. Rasauo*, 2011 Guam 14 ¶ 14. Having considered the pleadings and the arguments presented, this Court denied Defendant's Motion in a written Decision and Order issued on August 13, 2012. The Court agreed with the Government in that peace officers were not required to make a showing of attempts to execute warrants or summons, and further, absent direct statutory language to the contrary, peace officers are presumed to fulfill their duties. (*See* Dec. & Order at 4, Aug 13, 2012). Additionally, the Court held that lack of documentation is not dispositive of the marshal's efforts because even without recording any attempts, the marshals are presumed to have carried out their duties. *Id.* at 6. The Court ultimately found that good cause existed as Defendant listed a different address at the time of the citation from the one listed at the time the bench warrant was served. *Id.* Even if unintentional, the Court considered that such conduct would have frustrated the marshal's attempt at service. *Id.*

On August 17, 2012, Defendant filed a verified petition for permission to appeal. The Supreme Court denied the petition stating that the "issue presented in this case has been clarified by this court in *People v. Julian*, 2012 Guam 26 ¶ 22." On May 7, 2013, Defendant filed a Motion to Reconsider, arguing that in light of the Supreme Court's decision in *Julian*, the previous Motion to Dismiss should have been granted because no evidence was adduced that

diligent attempts at service were made and therefore the Government did not meet its burden of proof on good cause. On June 19, 2013, the Court orally denied Defendant's Motion to Reconsider based on Defendant's failure to appear the NTA hearing. (Digital Recording at 9:35:45-9:36:33, Hr'g Mot. Recons., Jun. 19, 2013). The Court then granted Defendant's motion to stay the proceedings in anticipation of another Guam Supreme Court decision dealing with similar issues. On May 5, 2014, the Supreme Court issued a decision in *People v. Leon Guerrero*, 2014 Guam 10. Based on that decision, Defendant filed a second motion to reconsider, which the Court heard and took under advisement on June 30, 2014.

## DISCUSSION

At issue is whether the Supreme Court's decision in *Leon Guerrero* constitutes a change in law since this Court's previous denial of Defendant's Motion to Dismiss such that reconsideration of the Court's decision is now warranted.

Reconsideration is permitted when there has been an intervening change in controlling law. *See People v. Gutierrez*, 2005 Guam 19 ¶ 41. In *Leon Guererro*, the Supreme Court affirmed the trial court's dismissal of the complaint. In that case, there was no evidence presented of any attempt to serve the bench warrant on the Defendant or to otherwise reach her. *Leon Guerrero*, 2014 Guam 10 ¶ 15. The Supreme Court recognized that "[t]hough the court's marshals typically serve such warrants, we have held that delay attributable to the court is held against the prosecution and cannot constitute good cause." *Id.* (citing *People v. Julian*, 2012 Guam 26 ¶ 22). Further, the Court acknowledged that the Government could have, among other things, "contacted the marshals to determine the status of the bench warrant . . . ." *Id.* Finally, the Court ultimately held that "failure to appear at an NTA hearing is not per se fatal to a later motion to dismiss and that delay in arraignment due to failure to make any efforts to serve a bench warrant may be attributed to the people." *Leon Guerrero*, 2014 Guam 10 ¶ 18.

In the present case, Defendant argues that the Supreme Court's holding in *People v. Leon Guerrero*, and *People v. Julian*, 2012 Guam 26 warrants the Court's reconsideration and granting of the Defendant's previous Motion to Dismiss. The Government opposes and maintains that the issue in this case is still whether or not there was good cause under *Rasauo* to

delay the Defendant's arraignment, which the Court already ruled on. The Government points out that the Court already decided that Defendant's conduct (in listing a different address at the time he was cited) would have frustrated the Marshal's attempts at service. Because the Court has already identified good cause for the delay, the Government maintains that the nothing in *Leon Guerrero* alters the Court's finding of good cause, and therefore, the Court should deny Defendant's motion.

The Court acknowledges its initial finding that Defendant's conduct, even if unintentional, would have frustrated the marshal's service. However, the Court arrived at that conclusion having assumed that a bench warrant was issued because locating the Defendant was difficult as he did not appear for his NTA hearing date. (*See* Dec. & Order at 5, Aug. 13, 2012). Considering that, the Court opined that most of the delay was attributed to Defendant's failure to appear and the necessity of a bench warrant and its service upon Defendant. *Id.* Thus, the Court placed significant weight on Defendant's initial failure to appear and opined that it was a large part of the delay in his arraignment. *Leon Guerrero*, however, instructs the Court that "failure to appear at an NTA hearing is not per se fatal to a later motion to dismiss for failure to promptly arraign, although it is certainly a factor for the trial court to consider in its analysis of good cause." *Leon Guerrero*, 2014 Guam 10 ¶ 14. Therefore, while Defendant's failure to appear is a factor to be considered in a good cause analysis, the Court is to consider all of the circumstances surrounding the delay.

Here the Court must consider that Defendant was found at an address different from that which he listed on the citation and notice to appear. (*See* People's Opp'n Mot., Ex. 1, Jun. 24, 2014). Next, the Court must consider that there is nothing on file to indicate that the marshals attempted any service upon Defendant, even at the address initially listed. Lastly, the Court must consider Defendant's initial failure to appear, which, as mentioned above, is not fatal to a later motion to dismiss but only a mere factor to consider when analyzing good cause.

All things considered, the Court is compelled to agree with the Defendant at this time. While the Court does not condone Defendant's initial failure to appear, nor is the Court interested in rewarding evasiveness, the Court is unsettled at the lack of any evidence of

attempts to serve Defendant. In *Julian*, the Supreme Court stated: "Although the trial judge suggests a diligent effort by the marshal to serve Salvador, the mere three attempts to serve without explanation as to the failures does not itself justify good cause for the delay to promptly arraign Salvador." *Julian*, 2012 Guam 26 ¶ 29. Of course, the salient distinction in that case was that the marshals actually attempted service, yet the court still did not find good cause.

Here, in its initial Decision and Order, the Court held that lack of documentation was not dispositive of the marshal's efforts because even without listing attempts, marshals are presumed to carry out their duties. The decision in *Julian* would seem to have the Court rule otherwise. The Court found good cause without having considered the possibility of locating Defendant early on, if any attempts were made to serve him at the listed address. Furthermore, the Court simply denied Defendant's initial Motion for Reconsideration based solely on Defendant's failure to appear at the NTA hearing, which is contrary to the decision in *Leon Guerrero*. On those bases, the Court is compelled to reconsider its initial decision, which found good cause for Defendant's delay simply on Defendant's initial failure to appear, Defendant being located at an address different from that which he initially provided, and the presumption that the marshals carried out their duties.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion to reconsider. Accordingly, the case is hereby dismissed without prejudice.

IT IS SO ORDERED this 2nd day of September, 2014.

HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the
Original hereto was placed in the
court box of:

Date: _____ Time: _____

Deputy Clerk, Superior Court of Guam

*People v. Ngirachelsau*
Case No. CM732-10
Decision and Order